UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CHELSEY NAPPER, *et al.*                                                    Plaintiffs

v.                                                          Civil Action No. 3:22-cv-533-RGJ

KELLY HANNA GOODLETT, *et al.*                                          Defendants

* * * * *

**MEMORANDUM OPINION & ORDER**

Plaintiffs Chelsey Napper, Cody Etherton, and Chelsey Napper as legal guardian, mother, next of friend of minors Z. F. and B. E. ("Plaintiffs") moved to remand this action pursuant to 28 U.S.C. § 1447. [DE 6]. Defendant Kelly Goodlet ("Defendant")[1] responded [DE 9] and Plaintiffs replied [DE 10].[2] This matter is ripe. For the reasons below, Plaintiffs' Motion to Remand [DE 6] is **GRANTED in part to the extent Plaintiffs seek remand to state court and DENIED in part**.

**I.      BACKGROUND**

Plaintiffs resided in an apartment unit neighboring 3003 Springfield Drive Unit 4, the residence of Breonna Taylor and Kenneth Walker, on September 22, 2020. [DE 1-2 at 24]. Defendant was an employee of the Louisville Metro Police Department who has pled guilty to charges related to falsifying information that led to the police's presence at 3003 Springfield Drive. [*Id.* at 11]. Plaintiffs allege the events that occurred on the night of September 22 gave rise to the following causes of action against Defendant: (1) unreasonable seizure and unnecessary force, (2) breach of duty to intervene, (3) intentional torts of assault, trespass, and false imprisonment, (4)

---

[1] Defendant Louisville Metro County Government did not respond to Plaintiff's motion to remand. All references in this order to "Defendant" are to Goodlet only.

[2] Defendant also moved to dismiss Plaintiffs' Amended Complaint. [DE 7]. Because the case is being remanded, the Court will not address the motion to dismiss.

negligence, (5) violation of the right to privacy and negligence per se, and (6) punitive damages. [*Id.* at 51–96].

Defendant removed this action from Jefferson County Circuit Court on October 6, 2022. [DE 1]. Plaintiffs filed the First Amended Complain on October 10, indicating that "[n]o claim is made by Plaintiffs against [Defendant] for violation of any federal law(s)." [DE 5 at 1148]. Plaintiffs disclaimed any cause of action for Defendant's violation of federal law and asserted that the First Amended Complaint only alleged causes of action under Kentucky law. [*Id.* at 1148– 49]. The First Amended Complaint also removed claims against the Louisville Metro Government ("Louisville Metro"), including a *Monell* policy claim. [*Compare* DE 1-2 *with* DE 5].

## II.    STANDARD

"[T]he Federal courts are limited in their jurisdiction, and "possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Congress has provided for removal of cases from state court to federal court when the plaintiff's complaint alleges a claim arising under federal law." *Rivet v. Regions Bank*, 522 U.S. 470, 472 (1998). District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This is commonly referred to as federal question jurisdiction, and courts use the "well-pleaded complaint rule" to determine whether this jurisdiction is proper. *Obeid v. Meridian Auto. Sys.*, 296 F. Supp. 2d 751, 752 (E.D. Mich. 2003) (citing *Rivet*, 522 U.S. at 472).

The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The face of the complaint does not include defenses that might be raised: "Congress has not authorized removal based on a defense or

2

anticipated defense federal in character." *Rivet*, 522 U.S. at 472. "[A] case arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013). The party seeking removal bears the burden to demonstrate that the federal court has jurisdiction. *See Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549–50 (6th Cir. 2006).

"The existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal." *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 210 (6th Cir. 2004) (citing *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 758 (6th Cir. 2000) (holding that the district court was not divested of subject matter jurisdiction upon the dismissal of the plaintiff's federal claims)).

> It is a fundamental principle of law that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed . . . . When a subsequent narrowing of the issues excludes all federal claims, whether a pendant [sic] state claim should be remanded to state court is a question of judicial discretion, not of subject matter jurisdiction.

*In re Carter*, 618 F.2d 1093, 1101 (5th Cir. 1980). Therefore, jurisdiction originally premised on a federal claim that was subsequently dismissed is within the Court's discretion. *See Harper*, 392 F.3d at 211.

## III.    DISCUSSION

Plaintiffs contend that this case should be remanded to state court because an objectively reasonable reading of the Complaint indicates it was not based on a federal cause of action. [DE 6 at 1249]. If the Court holds otherwise, Plaintiffs argue that the First Amended Complaint, which expressly disclaims all federal causes of action, provides the court a basis to remand the action. [*Id.* at 1253]. In response, Defendant argues that subject matter jurisdiction existed at the time of removal. [DE 9 at 1460]. Defendant also contends that a corresponding lawsuit and Plaintiffs' novel theories of the law all indicate that the Court has subject matter jurisdiction. [*Id.* at 1462–

63].  Therefore, the Court will examine whether it has jurisdiction under the Complaint and First Amended Complaint.

### A.  The Complaint

Plaintiffs contend that an objectively reasonable reading of their Complaint demonstrates that it is based on state law.  [DE 6 at 1249].  In response, Defendant Contends that Plaintiffs' unreasonable seizure and unnecessary force and *Monell* policy claims are federal questions.  [DE 9 at 1460–62].

The Sixth Circuit has held that "[a] reference to the U.S. Constitution in a complaint should be read in the context of the entire complaint to fairly ascertain whether the reference states a federal cause of action."  *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1063 (6th Cir. 2008) (citing *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 (1986)).  "Generally, a state law claim cannot be 'recharacterize[d]' as a federal claim for the purpose of removal."  *Loftis v. UPS*, 342 F.3d 509, 515 (6th Cir. 2003) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 64 (1987)).  "[T]he plaintiff is the master of his complaint, and the fact that the wrong asserted could be addressed under either state or federal law does not ordinarily diminish the plaintiff's right to choose a state law cause of action."  *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 943 (6th Cir. 1994).

Count I of the Complaint alleges unreasonable seizure and unnecessary force against Defendant under § 10 of the Kentucky Constitution.  [DE 1-2 at 51].  Although Count I cites federal law, it also refers back to the Kentucky Constitution.  [*Id.* at 51–54].  Plaintiffs explicitly state that the claim is pursuant to § 10 of the Kentucky Constitution, which they allege is "the state equivalent of the Fourth Amendment."  [*Id.* at 52].  Count II of the Complaint alleges a *Monell* policy claim under § 10 of the Kentucky Constitution against Louisville Metro.  [*Id.* at 54].

Plaintiffs contend that Louisville Metro maintained policies and customs that deprived Plaintiffs "of rights protected under the Constitution." [*Id.* at 55]. Count II is based on *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), which established this doctrine.

The Sixth Circuit requires the Court to read references to federal law in context of the entire complaint when evaluating whether a claim arises under the Constitution. *See Warthman*, 549 F.3d at 1063. Counts I and II refer to a mix of Kentucky law and federal law. [DE 1-2 at 51–75]. Count I could be brought under Kentucky law just as it could be brought under the Fourth Amendment. *See, e.g.*, *Adcock v. Commonwealth*, 967 S.W.2d 6, 8 (Ky. 1998) ("Both the Fourth Amendment to the United States Constitution and Section 10 of the Kentucky Constitution protect the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures."). Reading Count I in the context of the entire Complaint, Plaintiffs brought their unreasonable seizure and unnecessary force under state law. Plaintiffs, as the masters of their Complaint, chose to assert Count I under Kentucky law. *See Alexander*, 13 F.3d at 943.

The cause of action in Count II, however, was created by federal law. In *Monell*, the Supreme Court of the United States held that "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." 436 U.S. at 694. Plaintiffs contend that they are asserting a "state-equivalent *Monell* policy claim," but they failed to cite case law indicating that such a claim exists without reliance on federal law. [DE 1; DE 6]. The cause of action in Count II was created by *Monell*, not § 10 of the Kentucky Constitution. Count II arises under federal law because it was created by *Monell*. *See Gunn*, 568

U.S. at 257.  Therefore, Defendant properly removed the Complaint because Count II arises under federal law.  *See Rivet*, 522 U.S. at 472.

### B.  The First Amended Complaint

Plaintiffs contend that the First Amended Complaint [DE 5] warrants remand because it removes any federal cause of action.  [DE 6 at 1252].  In response, Defendant argues that Plaintiffs' legal theories in the First Amended Complaint will require federal law.  [DE 1462–64].

Because the Court held that removal was proper under the Complaint, whether to remand the First Amended Complaint is within the Court's discretion.  *See Harper*, 392 F.3d at 211. Therefore, the Court must balance competing interests.  *See id.* (citing *In re Carter*, 618 F.2d at 1101).  "A district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993) (quoting *Aschinger v. Columbus Showcase Co.*, 934 F.2d 1402, 1412 (6th Cir. 1991)).  It is within the Court's discretion to consider "manipulative tactics," such as "simply by deleting all federal-law claims from the complaint and requesting that the district court remand the case."  *Harper*, 392 F.3d at 211 (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)).

Here, the interests of judicial economy and the avoidance of multiplicity of litigation weigh in favor of remanding.  This case has been pending in federal court for less than six months.  [DE 1].  During that time, the parties have not engaged in substantial motion practice.  The only motions that have been filed are Plaintiffs' motion to remand [DE 6] and Defendant's motion to dismiss [DE 7].  Until now, the Court has not ruled on any issues in this case and the parties have not begun discovery.  Although the *Monell* policy claim was not abandoned until Plaintiffs amended their Complaint, Plaintiffs filed their First Amended Complaint only four days after removal.  [DE 5].

6

Judicial economy would be served by remanding because there is little to no risk that litigation would be duplicated in state court. *See Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284, 1288 (6th Cir. 1992) (considering similar factors).

Defendant argues that the Court should retain jurisdiction because Plaintiffs have a similar case pending in federal court against other defendants that arose from the same set of facts. [DE 9 at 1462]. This case may stem from similar facts but retaining jurisdiction will not serve judicial economy. The parties will still engage in discovery and the Court will be required to decide issues as they arise—separate from any other federal case. Defendant is not a party to the other federal case, so discovery efforts will likely differ, and this action could present entirely different legal issues. Therefore, the interest of judicial economy weighs in favor of remanding. *See Landefeld*, 994 F.2d at 1182.

The fear of needlessly deciding issues of state law also weighs in favor of remanding. *See Landefeld*, 994 F.2d at 1182. Plaintiffs' First Amended Complaint asserts six causes of action against Defendant under Kentucky law. [DE 5]. The Complaint "expressly and unequivocally disclaim[s] any violation of federal law." [*Id.* at 1148]. The claims are only asserted pursuant to Kentucky law. [*Id.* at 1148–49]. Ruling on the merits of Plaintiffs' claims will require the Court to analyze and rule on myriad issues of state law. Defendant contends that Plaintiffs will be required to rely on federal law to prove causation. [DE 9 at 1463]. However, Plaintiffs are the masters of their complaint. *See Alexander*, 13 F.3d at 943. The First Amended Complaint indicates that they intend to proceed asserting only theories pursuant to state law. [DE 5]. To the extent Plaintiffs sparingly cite federal case law in their First Amended Complaint, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question

jurisdiction." *Merrell Dow Pharms. Inc.*, 478 U.S. at 813.  Accordingly, the fear of needlessly deciding issues of state law weighs in favor of remanding.  *See Landefeld*, 994 F.2d at 1182.

The Court may also consider any "manipulative tactics" by Plaintiffs in seeking remand. *See Harper*, 392 F.3d at 211.  In *Harper*, the Court denied a plaintiff's second motion to remand and found that the plaintiff attempted to engage in forum manipulation after amending his complaint.  *See id.* at 211–12.  The plaintiff dropped his federal claim only after the court denied his first motion to remand.  *See id.*  the plaintiff then "proceeded with his remaining claims in federal court for almost six months more.  Only after discovery had been completed, the dispositive motion deadline had passed, and Harper was faced with dismissal of all of his claims on summary judgment, did he again seek remand to the state court." *Id.*  Unlike Harper, Plaintiffs immediately amended their complaint upon removal and moved to remand the next day.  [DE 5; DE 6].  The parties have not started discovery and neither party has moved for summary judgment.  Therefore, the Court finds that Plaintiffs did not engage in "manipulative tactics."  *See Harper*, 392 F.3d at 211.

As explained above, the interests of judicial economy and interests against needlessly deciding issues of state law both weigh in favor of remanding.  *See Landefeld*, 994 F.2d at 1182. The Court also found that Plaintiffs' motion to remand is not an attempt to engage in "manipulative tactics."  *See Harper*, 392 F.3d at 211.  Accordingly, to the extent Plaintiffs seek remand to state court, Plaintiffs' Motion to Remand [DE 6] is **GRANTED**.

### C. Fees and Costs

Plaintiffs request that the Court order Defendant to pay $3,000 in attorneys' fees and costs incurred in obtaining remand.  [DE 6 at 1256].  Defendant did not respond to this request.  [DE 9]. "An order remanding the case may require payment of just costs and any actual expenses, including

attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  "Absent unusual circumstances," the Supreme Court instructs that fee awards are appropriate "only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).  The decision to award or to deny attorney fees is within the district court's discretion.  *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir. 1993).

The Court held that Plaintiffs' removal was proper based on Count II in the Complaint. *See* Section III.A.   Accordingly, Plaintiffs' removal could not be considered objectively unreasonable.  *See Martin*, 546 U.S. at 141.  To the extent Plaintiffs seek attorneys' fees and costs, their Motion to Remand [DE 6] is **DENIED**.

## IV.   CONCLUSION

Having considered the filings and the applicable law, and being otherwise sufficiently advised, the Court **ORDERS** that:

(1)  Plaintiffs' Motion to Remand [DE 6] is **GRANTED in part and DENIED in part**; and

(2) This matter is **REMANDED to the state court and STRICKEN** from the Court's active docket.

Rebecca Grady Jennings, District Judge
United States District Court

April 10, 2023

9